Filed 3/25/25  P. v. Diaz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063632 |
| v. | (Super. Ct. No. 14CF3984) |
| RICHARD DIAZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Julian W. Bailey, Judge. Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Richard Diaz on appeal from the denial of his petition for relief under Penal Code section 1172.6.[1] Counsel filed a brief that set forth the facts of the case and advised the court that he found no issues to argue on Diaz's behalf.

The procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, do not apply to appeals from the denial of section 1172.6 petitions. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 227, 231.) Therefore, when appointed appellate counsel finds no viable issues, counsel must file a brief informing the court that counsel found no arguable issues and include a concise narration of facts. (*Id.* at p. 231.) The reviewing court must send the brief to the defendant with notice that the defendant may file a supplemental brief or letter within 30 days. (*Id.* at pp. 231–232.) If the defendant raises issues in a supplemental brief or letter, the court must evaluate the arguments raised and issue a written opinion. (*Id.* at p. 232.)

We have followed this procedure, and Diaz has not filed a supplemental brief. After exercising our discretion to independently review the record, we found no arguable issues on appeal. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232 ["While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal"].) We therefore affirm.

---

[1] Effective June 30, 2022, the Legislature renumbered former Penal Code section 1170.95 to section 1172.6 without substantive change. (Stats 2022, ch. 58, § 10.) For clarity, we refer to the statute as section 1172.6 throughout this opinion. All further statutory references are to the Penal Code.

FACTS

A complete recitation of the facts can be found in our prior nonpublished opinion *People v. Diaz* (June 25, 2019, G055781). As relevant here, a jury convicted Diaz of attempted murder and other offenses. The jury had not been instructed on any theory of accomplice liability or any other theory of imputed malice. The trial court sentenced Diaz to 20 years to life in prison.

In 2023, Diaz filed a petition for relief under section 1172.6. After appointing counsel, receiving briefing, and holding a prima facie hearing, the trial court denied the petition. The court concluded that Diaz was ineligible for relief because "[i]t was clear that . . . Diaz was an active participant in that crime of attempted murder and personally harbored the intent to kill as found by the jury." Diaz appealed.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) amended sections 188 and 189 to eliminate natural and probable consequences liability for murder and to limit the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959.) This legislation also added section 1172.6, which provided a procedure under which "[a] person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (Stats. 2018, ch. 1015, § 4; former § 1172.6, subd. (a).)

Senate Bill No. 775 (2021–2022 Reg. Sess.) later amended section 1172.6, subdivision (a), to clarify "that persons who were convicted of attempted murder or manslaughter under a theory of . . . the natural [and] probable consequences doctrine are permitted the same relief as those

3

persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a); § 1172.6, subd. (a).)

To be eligible for relief under section 1172.6, the petitioner must make a prima facie showing that he or she "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Our Supreme Court has explained that "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis, supra*, 11 Cal.5th at p. 971.) "[I]f the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

We independently review the trial court's determination that Diaz failed to make a prima facie showing (*People v. Harden, supra*, 81 Cal.App.5th at p. 52), and we conclude the court correctly denied Diaz's petition because the record of conviction showed that he was convicted under a still-valid theory of attempted murder. Specifically, the jury instructions given at trial established that the jury found Diaz guilty of attempted murder either as the perpetrator or as a direct aider and abettor. He could not have been convicted under the natural and probable consequences theory or any other theory of imputed malice because the jury was not instructed on such theories. Accordingly, Diaz was ineligible for relief as a matter of law.

4

## DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


MOTOIKE, J.


GOODING, J.